UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW WILLIS | CIVIL ACTION |
| VERSUS | NO:   09-2817 |
| HERCULES OFFSHORE, INC. ET AL | SECTION: "C" (1) |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Strike Jury Request. (Rec. Doc. 57). The Defendants oppose the Motion. (Rec. Doc. 60). The Motion is before the Court on the briefs, without oral argument. Having considered the memoranda of the parties, the record and the relevant case law, the Court DENIES the Plaintiff's Motion to Strike for the following reason.

I.   Background

Plaintiff alleges he suffered injuries due to the negligence of the Defendants while working as a wireline helper aboard a jack-up rig owned and operated by the Defendant, Hercules Offshore, Inc. (Rec. Doc. 1). In his original complaint, Plaintiff only asserted claims under general maritime law, pursuant to 28 U.S.C. § 1333, and identified the claim as an admiralty or maritime claim in accordance with Rule 9(h) of the Federal Rules of Civil Procedure. (Rec. Doc. 1 at 1).

On April 13, 2009, Defendant Tana Exploration Company, LLC filed an Answer to the Complaint and requested a trial by jury to the extent that the Defendant was entitled a jury under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331.(Rec. Doc. 11 at 4). On April 14, 2009, Defendant Hercules Offshore Drilling Company, LLC, filed a nearly identical Answer also requesting a jury. (Rec. Doc. 12 at 4).

On August 11, 2010, Plaintiff filed a Motion to Strike the Jury Requests that were contained

in the Defendant's original Answers. (Rec. Doc. 57). Plaintiff argues that Defendants were never entitled to a jury since the Plaintiff properly designated the action as an admiralty or maritime claim in accordance with Rule 9(h) of the Federal Rules of Civil Procedure. *Id.* at 3. Defendants respond by pointing out that the accident in question occurred on a jack-up rig that was "jacked up" on the outer continental shelf, which means OCSLA applies to the dispute, not general maritime law, which entitles Defendants to a jury. (Rec. Doc. 75 at 1).

## II. Applicable Law

### a. Federal Rule of Civil Procedure Rule 9(h)

Federal Rule of Civil Procedure Rule 9(h) states in relevant part: "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rule...38(e)." Rule 38(e) states that "these rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." As the Fifth Circuit has interpreted Rule 9(h), if a suit (1) falls under admiralty as well as another ground of jurisdiction and (2) the complaint contains a statement identifying the claim as an admiralty or maritime claim, then there is no right to a jury trial. *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983).

### b. Jurisdiction Provision of The Outer Continental Shelf Lands Act

In 1945 President Truman declared that the United States regarded the outer Continental Shelf beneath the high seas but contiguous to the coast of the United States as appertaining to United States' territory. *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355-66 (1969). In response to

this expansion of United States territory, OCSLA was enacted in 1953 to expand federal jurisdiction to the limits of the continental shelf. *Id.* The jurisdiction provision contained in OCSLA provides:

> (b)(1) Except as provided in subsection (c) of this section, the district courts of the United States have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involved rights to such minerals....

43 U.S.C. § 1349(b)(1)(A). The jurisdiction granted to district courts of the United States under OCSLA is independent of any additional maritime basis for federal jurisdiction. *Texaco v. AmCLYDE Engineered Products Co., Inc.*, 448 F.3d 760, 768 (5th Cir. 2006). OCSLA's jurisdictional grant is broad. *Id.* The Fifth Circuit has interpreted OCSLA to cover jack-up rigs when attached to the Continental Shelf to drill for oil. *Demette v. Falcon Drilling Co., Inc.*, 230 F.3d 492, 498 (5th Cir. 2002).

### *c. The Choice of Law Provision of OCSLA*

After Congress had expanded federal jurisdiction to cover oil and gas exploration and development on the Continental Shelf, it was unclear what body of law would apply to these new platforms. *Rodrigue*, 395 U.S. at 355-66. Congress eventually decided that oil platforms would not be covered by maritime jurisdiction, but by federal law. *Id.* at 366. However, Congress realized that federal law was inadequate to handle the variety of legal claims that would arise on an oil platform or other OCSLA sites, so the law of adjacent States was selected to supplement federal law. *Id.* at 362-366. The text of OCLSA's choice of law provision thus provides:

> (1) The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources

3

> therefrom, or any such installation or other device (other than a ship or vessel) for the purpose of transporting such resources to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State...
>
> (2)(A) To the extent that they are applicable and not inconsistent with this subchapter or with other federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, now in effect or hereafter adopted, amended, or repealed are declared to be the law of the United States for the portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf...

43 U.S.C. §1333(a). The Fifth Circuit interprets §1333(a) as creating a three-part test that determines whether state law applies as a supplement to Federal law: (1) the controversy must arise on a situs covered by OCSLA; (2) Federal maritime law must not apply of its own force; and (3) the state law must not be inconsistent with Federal law. *Union Tex. Petroleum v PLT engineering, Inc.,* 895 F.2d 1043, 1047 (5th Cir. 1990).

As discussed earlier, The Fifth Circuit has held that a jack-up rig that is attached to the Continental Shelf to drill for oil is an OCSLA situs. *Demette,* 230 F.3d at 498.

In order for Federal maritime law to apply to a tort case the case must (1) involve a maritime location and (2) be connected with maritime activity. *Texaco v. AmCLYDE Engineered Products Co., Inc.*, 448 F.3d 760, 771 (5th Cir. 2006). The Fifth Circuit has determined that "wireline" services are non-maritime in nature, even if performed on a drilling rig vessel. *See e.g. Dominque v. Ocean Drilling & Exploration Co.*, 923 F.2d 393, 396 (5th Cir. 1991); *Union Tex. Petroleum v PLT engineering, Inc.,* 895 F.2d 1043, 1050 (5th Cir. 1990). So in the context of oil and gas exploration, admiralty and maritime jurisdiction does not apply to accidents related to the provision of wireline services.

There are few cases interpreting the final part of the *PLT Engineering* test. Those cases that do discuss this section of the test do little more than state that under OCSLA, state law is applied to the extent that it is not inconsistent with Federal law. *Rodrigue*, 395 U.S. at 358.

**III. Analysis**

As Plaintiff's accident occurred on a jack-up rig that was connected to the outer Continental Shelf, it is clear that OCSLA applies to the current dispute. *Demette v. Falcon Drilling Co., Inc.*, 230 F.3d 492, 498 (5th Cir. 2002). Furthermore, since a jack-up rig operating on the Continental Shelf is an OCSLA situs, under OCSLA's choice of law provision, Louisiana law will apply to Plaintiff's dispute unless general maritime law applies or Louisiana law is somehow inconsistent with Federal law.[1] *Union Tex. Petroleum v PLT engineering, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990).

As mentioned above, in order for admiralty jurisdiction to apply to this case, Plaintiff's injury must have occurred at a maritime location and be connected with maritime activity. *Texaco v. AmCLYDE Engineered Products Co., Inc.*, 448 F.3d 760, 771 (5th Cir. 2006). It is undisputed that Plaintiff's injuries took place at a maritime location. It is also undisputed that the Plaintiff was employed as a wireline operator on a jack-up rig involved in oil exploration and production. (Rec. Doc. 1 at 3). The Fifth Circuit has consistently held that wireline services provided in connection with oil exploration and production are non-maritime in nature and therefore not subject to maritime or admiralty jurisdiction. *See, e.g., Dominque v. Ocean Drilling & Exploration Co.*, 923 F.2d 393,

---

[1] The Court is aware that there was a choice of law provision in the Master Service Agreement between Plaintiff's employer Baker Atlas and Tana Exploration Company, which selected Texas law in the event that maritime law was held inapplicable. However, the Fifth Circuit has clearly held that OCSLA's substantive choice of law provisions "are not subject to exception by the parties' agreement." *Texaco v. AmCLYDE Engineered Products Co., Inc.*, 448 F.3d 760, 772 (5th Cir. 2006). As a result, the parties are not free to select Texas law to apply to this dispute because OCSLA mandates the application of Louisiana law.

396 (5th Cir. 1991); *Union Tex. Petroleum v PLT engineering, Inc.,* 895 F.2d 1043, 1050 (5th Cir. 1990). Since maritime jurisdiction does not apply to this dispute, then Plaintiff's case is governed by Louisiana law as required by OCSLA unless it is inconsistent with Federal law. 43 U.S.C. §1333(a). Plaintiff has never argued that Louisiana law in inconsistent with Federal law in any manner that is relevant to this case. Consequently, Defendants are entitled to a jury.

But as the Plaintiff only plead jurisdiction under general maritime law, the Court is concerned about whether his complaint will have to be amended to provide an alternative basis of jurisdiction in order for his claim to proceed in this Court.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Jury Request is DENIED. (Rec. Doc. 57).

IT IS FURTHER ORDERED that the parties submit memoranda by November 27, 2010 addressing the issue of whether this Court has an alternative basis for jurisdiction in light of the fact that Plaintiff only plead jurisdiction under general maritime law.

New Orleans, Louisiana, this 13th day of October, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**